Welch, C. J.
It is quite clear to us that the rulings and instruction of the court upon the trial were erroneous. They seem to us to be based upon a misconception of the relation of the parties and the real consideration of the note. The rights of Keen, as trustee for the benefit of creditors, were in no way dependent upon those of Waltz & Harpster, as vendors of the land. True, Keen is denominated in the note as “ trustee of Waltz & Harpster.” In a sense, he is their trustee, not only because he is of their appointment, but also because he is responsible to them for any part of the trust funds remaining after payment of creditors. In the transaction out of which the note grew, Keen represented the creditors as distinct from Waltz & Harpster. The trust fund was put into the hands of Keen for the very purpose of placing it beyond the control of Waltz & Harpster. They can not assign property for the benefit of creditors, and take it back at pleasure, and without the consent of creditors. The real consideration of the note was the release of the mortgage by Keen., The giving of the note and the release were a matter between Keen and Hall. It was the mere substitution of one fund for another—the note for the mortgage lien. Until the trust is performed, the fund belongs to Keen. Waltz & Harpster were consulted as to the amount to be paid for the lien. The only effect of their assent to the transaction was to prevent them'from making Keen account for the mortgage fund, on the ground that it had been sold for less than its value. Surely this assent gave them no right to the fund or to the note which represented it. The note is as valid in'the hands of Keen as it would have been had it been given to the creditors in payment of their debts and in consideration of their release of the debts. The right of ac *111 tion on the note is in Keen, and not in Waltz & Harpster, as the rulings and instruction of the court seem virtually to place it. The court really excluded from the jury all the material allegations of the reply, so that its rulings and instruction were equivalent to the sustaining of a demurrer to the reply, thus leaving no issue for the jury to try. We think the matter set up in the reply is the gist •of the case, and that the court erred in excluding its consideration from the jury.
The judgments of both courts must be reversed, and the cause remanded for a new trial.

Judgment accordingly.